UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | Case No. 4:07CV704 JCH |
| MCCOY DRYWALL, INC., | ) ) | |
| Defendant(s). | ) ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil ("Motion"), filed October 28, 2009. (Doc. No. 22). The matter is fully briefed and ready for disposition.

Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. §§ 141 *et seq.* Plaintiffs are several ERISA employee benefit plans, the trustees and fiduciaries of those plans, and one union. Plaintiffs obtained a consent judgment in this action against Defendant McCoy Drywall, Inc., for unpaid contributions to the plans. Plaintiffs now seek to satisfy the remainder of their judgment against McCoy Drywall from assets of its alleged alter egos: Greenway Drywall, LLC, Darlene Lee McCoy, and Harold L. McCoy.[1] For the following reasons, Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil will be granted.

### BACKGROUND

---

[1] Harold McCoy and Darlene McCoy are husband and wife. (Memorandum in Support of Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil ("Plaintiffs' Memo in Support"), P. 2).

Defendant McCoy Drywall, Inc., is a Missouri corporation in good standing. (Motion, attached Exh. A). Harold L. McCoy is the President of McCoy Drywall, Darlene McCoy is the Secretary, and both are Directors. (Doc. No. 27-2, P. 3).[2] On April 11, 2007, Plaintiffs filed suit against Defendant McCoy Drywall, Inc., in order to collect delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed pursuant to the collective bargaining agreement, and under the terms of ERISA. On March 13, 2008, this Court entered a consent judgment against Defendant, in the amount of $50,480.41. (Doc. No. 11). The consent judgment provided a payment plan under which Defendant could satisfy the judgment. Defendant failed to make the required payments, however, causing the entire judgment amount to become due.[3]

Greenway Drywall, LLC was incorporated by Darlene Lee McCoy on March 12, 2009. (Motion, attached Exh. B).[4] Greenway Drywall's filing papers indicate that Darlene McCoy is the registered agent, organizer, and sole member of the limited liability company. (Id.).[5]

## DISCUSSION

---

[2] Defendant's 2009 Annual Registration Report listed McCoy Drywall's officers as follows: Harold L. McCoy, President; Darlene McCoy, Vice President; Diane Fehrman, Secretary; and John Fehrman, Treasurer. (Motion, attached Exh. A). Defendant amended its listing on November 3, 2009, however, by filing a Statement of Correction for a General Business or Nonprofit Corporation. (Doc. No. 27-2, P. 3).

[3] According to Plaintiffs, McCoy Drywall, Inc. has paid $8,748.40 of the Consent Judgment. (Plaintiffs' Memo in Support, P. 1). Plaintiffs have attempted to garnish at least one of Defendant's bank accounts, and two contractors with whom Defendant has worked in the past, with no success. (Affidavit of James P. Faul, ¶¶ 6, 7). Plaintiffs have no further leads for collection against Defendant McCoy Drywall. (Id., ¶ 6).

[4] Plaintiffs assert that in response to an information request to McCoy Drywall in a separate action, Defendant's attorney stated the reason for formation of Greenway was as follows: "Was going broke as McCoy Drywall so my wife formed a new company." (Faul Aff., ¶¶ 8, 9).

[5] Plaintiffs assert that in response to an information request to McCoy Drywall in a separate action, Defendant's attorney indicated that while Harry McCoy is responsible for performing all duties and making all management decisions for McCoy Drywall, Harry and Darlene McCoy share such responsibilities with respect to Greenway Drywall. (Faul Aff., ¶¶ 8, 9).

Under the LMRA, "one business entity is the alter ego of another, and thus liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities and employees."[6] Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d 952, 955 (E.D. Mo. 2007) (citing Woodline Motor Freight, Inc. v. NLRB., 843 F.2d 285, 288-89 (8th Cir. 1988)). All of the outlined factors need not be identical. Id. Under ERISA, one business entity is the alter ego of another if the two entities, "exist independently in form only, and those separate forms are used as a subterfuge to defraud, to justify a wrong or to mislead or discourage pursuit of legal action." Id. (citing Kansas City Laborers, 104 F.3d at 1055).

As stated above, Plaintiffs' claim for the judgment is a claim for a creditor's bill in equity under Missouri law.[7] A creditor's bill in equity under Missouri law "enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" H.H. Robertson, 994 F.2d at 477 (quoting Shockley, 771 S.W.2d at 925). "The Missouri alter ego standard applies to such claims." Mertens, 552 F.Supp.2d at 955 (citing H.H. Robertson, 994 F.2d

---

[6] "The focus of the labor law alter ego doctrine is on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement." Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997) (internal quotations and citations omitted).

[7] The Eighth Circuit has "recognized the availability of the creditor's bill in equity under Missouri law." H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir.), cert. denied, 510 U.S. 1019 (1993) (citation omitted). The creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." Shockley v. Harry Sander Realty Co., Inc., 771 S.W.2d 922, 924 (Mo. App. 1989) (citations omitted). Although a creditor's bill can be brought in a separate equitable action, it is appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained. Fleming Companies, Inc. v. Rich, 978 F.Supp. 1281, 1294 (E.D. Mo. 1997).

at 477; Mobius Management Systems, Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 189 (Mo. App. 2005)).

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-Missouri Tel. Co. v. Alma Tel. Co., 18 S.W.3d 578, 582 (Mo. App. 2000). Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule, however, if the plaintiff can establish:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own[8]; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights[9]; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992), cert. denied, 508 U.S. 908 (1993) (citation omitted); see also Mobius Management, 175 S.W.3d at 188-89. This standard is almost

---

[8] Similar standards apply in determining whether to disregard a corporate entity and hold its owners personally liable for corporate debts. See Mobius Management, 175 S.W.3d at 188 (internal quotations and citations omitted) ("In order to pierce the corporate veil, the plaintiff must first show control-not mere majority or stock control, but complete domination, not only of finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will or existence of its own....When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice.").

[9] In addition, "the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others." Mobius Management, 175 S.W.3d at 188-89 (citations omitted).

identical to the standard applied in ERISA cases.  See Mertens, 552 F.Supp.2d at 955 (citing Kansas City Laborers, 104 F.3d at 1055).

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, the Court looks to a number of factors, including: "the ownership and creation of both corporations, the management of the corporations, the physical location of corporate offices, and the transfer of assets, contracts, and employees between the corporations."  See Mertens, 552 F.Supp.2d at 955-956 (citations omitted).  Connected ownership via spouses satisfies the factor of common ownership.  Id. at 956.

In the instant case, Plaintiffs have established the first element under Telecom Corp., 981 F.2d 305.  McCoy Drywall and Greenway Drywall are separate entities in form only.  McCoy Drywall, through its attorney, admitted that Greenway Drywall was formed because McCoy Drywall was "going broke."  See Faul Aff., ¶ 8, 9.  The companies are engaged in the same business.  Further, Darlene McCoy is an officer of both entities, and together she and Harold McCoy perform every duty and make every decision for the two companies.[10]  See Motion, attached Exhs. A, B; Faul Aff., ¶¶ 8, 9.  As such, the Court believes that Darlene and Harold McCoy exercise control over McCoy Drywall's and Greenway Drywall's finances, policies and business practices.[11]

Plaintiffs have also shown that the McCoys' control caused McCoy Drywall to breach its legal duty.  Based on its collective bargaining agreement with the union, McCoy Drywall had a positive, legal duty to make contributions for each covered employee.  See Doc. No. 10-2.  Because McCoy

---

[10] Although Harold McCoy is not an officer of Greenway Drywall, he admittedly performs the following important duties for the company:  business sales and obtaining contracts on jobs; material purchase; purchasing, leasing, contracting or any other manner of conveying or transferring supplies and equipment; purchasing of equipment; and estimating.  (Faul Aff., ¶¶ 8, 9).

[11] As noted above, connected ownership via spouses suffices for common ownership. Mertens, 552 F.Supp.2d at 956.

Drywall failed to make such contributions, the Court approved a consent judgment against McCoy Drywall in the amount of $50,480.41. However, McCoy Drywall has paid only $8,748.40. Without satisfying the debt, Darlene McCoy organized Greenway Drywall (and employed Harold McCoy in a key position), presumably to avoid satisfying this debt. Therefore, the Court finds that Harold and Darlene McCoy's control caused McCoy Drywall not to pay the total debt.

Finally, Plaintiffs have demonstrated the third element. The McCoys' control of McCoy Drywall's operations and finances, and McCoy Drywall's breach of its contractual obligations, resulted in Plaintiffs' inability to collect their total judgment against McCoy Drywall.

Based on the foregoing, the Court finds that Greenway Drywall, Harold and Darlene McCoy are the alter egos of McCoy Drywall, and that they are liable, jointly and severally, for the balance of the previous judgment against McCoy Drywall.[12]

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil (Doc. No. 22) is **GRANTED**.

Dated this 18th day of December, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[12] In their Motion, Plaintiffs request that the Court pierce the corporate veil of McCoy Drywall, Inc., and permit them to satisfy the judgment from the alter egos of McCoy Drywall, Inc., namely, Greenway Drywall, LLC, Darlene Lee McCoy, and Harold L. McCoy. (Doc. No. 22, P. 1). With the above ruling, the Court does not address whether Plaintiffs may seek to satisfy the judgment from the assets of Diane and John Fehrman.